# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA

## AT BECKLEY

JONATHAN ALLEN,

    Petitioner,

v.                                                CIVIL ACTION NO. 5:18-cv-1306

WARDEN D.L. YOUNG,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending is the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. 2], filed September 20, 2018. This action was previously referred to United States Magistrate Judge Omar J. Aboulhosn for submission of proposed findings and a recommendation ("PF&R"). Respondent filed a Response to Order to Show Cause on November 16, 2018, to which Petitioner Jonathan Allen replied on December 6, 2018 [Doc. 15, 17]. Magistrate Judge Aboulhosn filed his PF&R on June 26, 2019, recommending that the Court dismiss the petition and remove this matter from the Court's docket [Doc. 22]. Mr. Allen timely objected to the PF&R on July 12, 2019 [Doc. 24].

The Court is required "to make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Mr. Allen first objects to the Magistrate Judge's conclusion that he failed to properly exhaust his administrative remedies. Specifically, Mr. Allen contends that he "filed appeals at every level and received a response from the [Central Office] thus exhausting the appeal process." [Doc. 24 at 2]. Mr. Allen further argues that he properly exhausted his administrative remedies,

despite his failure to attach the Discipline Hearing Officer ("DHO") report, because such attachment was not required. [Id. at 2-3].

The Federal Bureau of Prisons' ("BOP") administrative remedy procedures state that an inmate has twenty calendar days to file an appeal of the DHO's decision on a BP-10 form after receiving an unfavorable response from the Warden. 28 § C.F.R. 542.15(a) and (b). In the instant matter, the DHO conducted a hearing on July 17, 2018, after a SIM card was allegedly found in a locker containing Mr. Allen's belongings. On July 31, 2018, Mr. Allen began the formal administrative remedy process by completing a B-10 form appealing the DHO's decision that Mr. Allen committed a prohibited act by possessing the SIM card. On August 6, 2018, Mr. Allen's appeal was received by the Mid Atlantic Regional Office. On August 13, 2018, Mr. Allen's appeal was rejected by the Regional Office for failure to attach the DHO report to his B-10 form.

After receiving the rejection notice, Mr. Allen filed an appeal of the DHO's decision with the Central Office, which was received on September 7, 2018. On September 21, 2018, the Central Office rejected the appeal because it was submitted to the wrong level and should have been submitted to the Regional Office. The Central Office's rejection notice concurred with the Regional Office's rationale for rejection of Mr. Allen's appeal and instructed him to "follow directions provided on prior rejection notice." [Doc. 17 at 11]. Thereafter, Mr. Allen filed this action on September 20, 2018. On November 5, 2018, the DHO report was prepared and provided to Mr. Allen on November 6, 2018. The DHO report advised Mr. Allen of his "right to appeal this action within 20 calendar days under the Administrative Remedy Procedure," which he failed to do. [Doc. 15-1 at 20]. Accordingly, Mr. Allen clearly failed to exhaust his administrative remedies as required by the BOP administrative remedy procedures after he received a copy of the DHO report on November 6, 2018.

Additionally, Mr. Allen argues that the administrative remedy process does not explicitly require attachment of the DHO report to the BP-10 form; thus, he properly exhausted all of his administrative remedies prior to receiving his DHO report. In support of this argument, Mr. Allen cites to *Custard v. Oliver*, 2015 WL 9185746 (D. Colo. Dec. 17, 2015), which he asserts established that he was not required to attach the DHO report to his BP-10 form. However, contrary to Mr. Allen's assertion, in *Custard*, the Court held that the petitioner failed to properly exhaust his administrative remedies "by refusing to comply with the North Central Regional Office's instructions to either submit a copy of the DHO report, or identify the charges and date of the DHO action, *regardless of whether such requirements are specified in the Code of Federal Regulations*." *Id.* at *5 (emphasis added); *see also Strouse v. Wilson*, 2014 WL 843276, *5 (E.D. Va. March 4, 2014) (finding the petitioner failed to properly exhaust his administrative remedies when he failed to attach a copy of the DHO report to his BP-10 form), *aff'd*, 575 Fed. App'x 115 (4th Cir. 2014). Therefore, it is clear that Mr. Allen failed to properly exhaust his administrative remedies when he did not attach his DHO report to his BP-10 form as directed by the Mid Atlantic Regional Office's rejection letter.

However, even assuming Mr. Allen properly exhausted his administrative remedies, his argument that his due process rights were violated because prison officials failed to draft an incident report immediately after the incident occurred is without merit. Specifically, Mr. Allen argues that prison officials failed to follow the requirements of 28 C.F.R. § 541.5(a) when they drafted his incident report "roughly 72 hours" after the incident, as opposed to immediately thereafter. [Doc. 24 at 7]. However, the regulation cited to by Mr. Allen does not require that an incident report be written immediately after the incident occurs; instead, the regulation provides that an inmate will "*ordinarily* receive the incident report within 24 hours of the staff becoming

3

aware of [the inmate's] involvement in the incident." 28 C.F.R. § 541.5(a). Moreover, prison officials' failures to abide by their own regulations alone is insufficient to support a due process violation. *See Smith v. Cross*, 2010 WL 5525178, *5 (N.D.W. Va. June 11, 2010) (finding no denial of petitioner's due process guarantees when he was not provided a copy of the incident report until seven days after the incident occurred). Accordingly, the failure of the prison officials to draft the incident report immediately after the incident occurred did not violate Mr. Allen's due process rights.

Mr. Allen next contends that his due process rights were violated because he was denied his right to call a witness at his DHO hearing. Specifically, Mr. Allen asserts that his witness was "reasonably available" to testify at his DHO hearing "and to conclude otherwise is plain error." [Doc. 24 at 8]. The United States Supreme Court has established the minimum procedural safeguards an inmate subject to disciplinary sanctions affecting the duration of his sentence is entitled. *See Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974). One such safeguard is the right to present evidence and call witnesses so long as institutional safety or correctional goals are not jeopardized. *Id.*, 418 U.S. at 566, 94 S.Ct. 2979. Furthermore, 28 C.F.R. § 541.8(f)(3) provides that an inmate or staff representative may request the appearance of witnesses to testify on the inmate's behalf; however, "requested witnesses may not appear if, in the DHO's discretion, they are not reasonably available, their presence at the hearing would jeopardize institution security, or they would present repetitive evidence."

Prior to the DHO hearing, Mr. Allen indicated that he wished to call two inmates as witnesses. [Doc. 4 at 4]. At the DHO hearing, one of Mr. Allen's listed witnesses was called. [Doc. 15-1 at 18]. In regard to the second witness, Mr. Allen's staff representative stated to the DHO that the witness had been released to a halfway house. [Id. at 17]. Mr. Allen's staff

4

representative further explained that he had attempted to contact the witness at his last known number but was unable to reach him. [Id.]. Given that the witness had been released to a halfway house and Mr. Allen's staff representative attempted to contact the witness but was unsuccessful, Mr. Allen's argument that the witness was reasonably available is without merit. Further, the record is void of any evidence that Mr. Allen was denied his right to call witnesses who were reasonably available at the time of the DHO hearing. Additionally, Mr. Allen's remaining assertions that his due process rights were violated have been considered and are also without merit.

For these reasons, the Court **OVERRULES** Mr. Allen's objections [Doc. 24], **ADOPTS** the PF&R [Doc. 22], **DISMISSES** the Petition for Writ of Habeas Corpus [Doc. 2], and **DIRECTS** the Clerk to remove this matter from the Court's docket.

ENTERED: December 16, 2019

Frank W. Volk
United States District Judge